**NOT FOR PUBLICATION**                                                                                   **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
EDWARDS & CALDWELL LLC,             :
                                    :
            Plaintiff,              :     Civil Action No. 05-2231 (JAP)
                                    :
        v.                          :
                                    :     **OPINION**
GULF INSURANCE COMPANY,             :
                                    :
            Defendant.              :
_____:

APPEARANCES

EDWARDS & CALDWELL LLC
John A. Stone
1600 Route 208 South
P.O. Box 23
Hawthorne, NJ 07507
    Attorneys for Plaintiff

ROPERS, MAJESKI, KOHN & BENTLEY, P.C.
Andrew L. Margulis
Eric C. Weissman
17 State Street, Suite 2400
New York, NY 10004
    Attorneys for Defendant

PISANO, District Judge.

Plaintiff, Edwards & Caldwell LLC, filed a Complaint on March 29, 2005, in the Superior Court of New Jersey, Passaic County against Defendant, Gulf Insurance Company. Defendant filed a Notice of Removal on April 25, 2005, pursuant to 28 U.S.C. § 1441(b) alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves for remand or, alternatively, for a summary decision or summary judgment. Defendant cross-moves for summary judgment. This Court has jurisdiction under 28 U.S.C. §§ 1332 and 1367. For the reasons expressed below, the Court grants Defendant's motion for summary judgment.

**I. Factual History**

Plaintiff, a law firm incorporated in New Jersey with its principal office in New Jersey, purchased a Lawyer's Professional Liability insurance policy ("policy") from Defendant, an insurance company incorporated in Connecticut with its principal place of business in New York. The policy was in effect from April 6, 2004 to April 6, 2005. During that span Plaintiff represented Ted and Anne Mroz (the "clients") in connection with their purchase of a new home (the "home"). Plaintiff assisted the clients in securing an inspection of the home, which took place on April 26, 2004, shortly before the closing on May 12, 2004. The inspection revealed the presence of asbestos in the home but the clients claim the report was never given to them. Instead, they claim they first discovered the presence of asbestos in August 2004, three months after the closing. Plaintiff, unable to confirm that it had sent the report to the clients, contacted an asbestos abatement company to determine the remediation costs.

Enviro Techniques, Inc. performed an inspection and survey of the home in August 2004.

The survey confirmed the presence of asbestos in various areas of the house and according to a letter from Douglas F. Doyle ("Doyle"), the clients' attorney at the Plaintiff law firm, the surveyor opined that the home was "currently uninhabitable." *See* Exhibit D to Declaration of Andrew L. Margulis ("Margulis Dec."). As a result, Doyle wrote, "I strongly urge you and your family to immediately make arrangements to vacate the home and obtain temporary living accommodations until such time as the asbestos can be remediated and the home returned to a habitable condition." *Id.* The clients heeded Doyle's advice and rented another house for $6000 per month. *See* Ex. E to Margulis Dec. The clients also informed Plaintiff that had they known of the asbestos problems they would not have considered buying the home. *Id.* They requested information about Plaintiff's insurance coverage and retained other counsel for a possible claim against Plaintiff. *See* Exs. E & F to Margulis Dec. Plaintiff forwarded the clients' correspondence to Defendant, its insurer, to give Defendant notice of a possible claim. Defendant responded with a denial of coverage based on the policy's Pollution Exclusion Endorsement and Section VI, which, in part, precludes coverage for claims that arise out of bodily injury or property damage. *See* Ex. G to Margulis Dec.

Plaintiff thereafter filed a six-count Complaint in the Superior Court of New Jersey, Passaic County. In the First Count, Plaintiff sought a declaratory judgment that Defendant must defend and indemnify Plaintiff against the clients' claims. The Second through Fifth Counts allege breach of contract, bad faith, fraud, and consumer fraud based on Defendant's denial of coverage. The Sixth Count seeks punitive damages for that denial. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b) alleging jurisdiction under 28 U.S.C. § 1332, in that complete diversity of citizenship exists between the parties and the claims are for

more than $75,000. Plaintiff does not dispute the grounds for removal. However, Plaintiff asks the Court to abstain from exercising jurisdiction and to remand the case because the parties seek a declaratory judgment, which it claims the Court may decline to entertain. Alternatively, Plaintiff moves for summary decision or summary judgment. Defendant cross-moves for summary judgment, seeking declaratory relief that it does not have a duty to defend or indemnify for the same reasons cited in its denial letter to Plaintiff.

## II. Discussion

### A. Remand

Plaintiff asks the Court to abstain and remand the case to the Superior Court of New Jersey because the case involves issues of state law only. Plaintiff argues that the Court has the discretion to decline jurisdiction in declaratory judgment actions involving only state law issues. *See* Plaintiff's Brief, p.4 (citing *Marshall v. Lauriault*, 372 F.3d 175, 184 (3d Cir. 2004)). Though not cited by Plaintiff, such an argument necessarily implicates the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201 and 2202, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added); *see Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) (outlining the parameters of jurisdiction under the DJA). Defendant contends that although jurisdiction under the DJA is discretionary, *Brillhart* only permits abstention when the case is brought under the DJA. *See* Defendant's Brief, p.5 (citing *Marshall*, 372 F.3d at 183 ("In [*Brillhart*], the Court held that when a federal suit is brought under the [DJA], presenting

4

only questions of local laws, the court is under 'no compulsion to exercise [ ] jurisdiction' if a parallel state court proceeding would address the matters in controversy between the parties") (third alteration in original) (citation omitted)).

The parties agree that the case contains purely state law issues and that it was removed here based on diversity jurisdiction. Plaintiff did not invoke the DJA in its state court complaint and has not invoked it after removal. The fact that the case was not brought under the DJA, but removed, appears dispositive under *Brillhart*. Therefore, the discretion to abstain is absent and remand is inappropriate. Plaintiff's motion to remand is denied.

### B. Summary Decision

Plaintiff asks this Court for a "summary decision," which it claims is a form of relief in the Superior Court of New Jersey. *See* Plaintiff's Brief, p.5-6. Plaintiff writes that a summary decision is a "prompt resolution by other means" and contends that "if this Court does not abstain and remand to the State Court, then [Plaintiff] should be awarded Judgment by summary decision requiring [Defendant] to provide [Plaintiff] with a defense and coverage . . . ." *See* Plaintiff's Brief, p.6. Although the Federal Rules of Civil Procedure ("FRCP") do not provide for a "summary decision" there does not appear to be a distinction between summary decision and summary judgment. Therefore, Plaintiff's motion for summary decision will be addressed in conjunction with its motion for summary judgment.

### C. Policy Coverage

In its quest for summary judgment, Defendant argues that it does not have a duty to defend or indemnify based on the language of the policy. More specifically, Defendant alleges that claims involving asbestos are excluded by the Pollution Exclusion Endorsement, which

5

provides, in part:

> This insurance does not apply to "damages" or "claims expenses" for "claims" or "suits" arising out of:
>
> A. The actual, alleged or threatened presence, discharge, dispersal, seepage, migration, release or escape of "pollutants"; or
>
> B. The failure to discover or disclose the existence or amount of "pollutants"; or
>
> C. Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with A or B above; or
>
> D. Any request or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants" . . . .

*See* Ex. A to Margulis Dec. The Pollution Exclusion defines "pollutant" as "any solid, liquid, gaseous, or thermal irritant, contaminant or toxic or hazardous substance or any substance which may, does or is alleged to affect adversely the environment, property, persons or animals, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed." Defendant argues that asbestos falls under the "hazardous substance" provision of the definition of "pollutant" and thus the policy excludes coverage of Plaintiff against the clients' claims arising from asbestos. *See* Defendant's Brief, p.9-23. Conversely, Plaintiff contends that the policy does not explicitly exclude coverage for claims related to asbestos and thus Defendant has a duty to provide coverage. *See* Plaintiff's Brief, p.6-8.

### 1. Judicial Notice

Federal Rule of Evidence ("FRE") 201 provides, in part, that a court may take notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Defendant asks this Court to take judicial notice that asbestos is a hazardous substance. FRE 201(d) requires the Court to address the request.

Defendant directs the Court to the New Jersey Administrative Code, which includes "[a]sbestos (friable)" in the New Jersey Department of Environmental Protection's ("NJDEP") list of hazardous substances. N.J. Admin. Code tit. 7 § 1E-1.7 and § 1E App. A (2005). Defendant also points to three cases that make reference to asbestos as toxic or hazardous. *See Analytical Measurements, Inc. v. Keuffel & Esser Co.*, 843 F. Supp. 920, 923 (D.N.J. 1993) ("The State found that the Property and adjoining property were contaminated by hazardous substances and wastes such as asbestos . . . "); *Owens-Illinois, Inc. v. United Ins. Co.*, 650 A.2d 974, 983 (N.J. 1994) ("The court took judicial notice of the fact that asbestos products cause continuous property damage from installation until removal . . . . Property-damage cases are analogous to the contraction of disease from exposure to toxic substances like asbestos"); *Stevenson v. Keene Corp.*, 603 A.2d 521, 527 (N.J. Super. App. Div. 1992) (noting that "there can be no question but that [asbestos] and the risks it poses to people when introduced into the environment are both toxic and hazardous").

Plaintiff attempts to create a dispute over the nature of asbestos by pointing out that only some of the asbestos found at the home was friable, which is the form designated as hazardous by the NJDEP. *See* Plaintiff's Reply Brief, p.13-14. Plaintiff points to no authority that draws such a distinction, particularly in New Jersey. Thus, it would be inappropriate for this Court to distinguish the forms of asbestos, especially when New Jersey already has accepted that "judicial

notice of the health hazards posed by asbestos [is] warranted under" its own rules of evidence. *Univ. Plaza Realty Corp. v. Hackensack*, 624 A.2d 1000, 1003 (N.J. Super. App. Div.), *certif. denied*, 634 A.2d 527 (N.J. 1993) (citations omitted); *see also Fischer v. Johns-Manville Corp.*, 512 A.2d 466 (N.J. 1986) (generally discussing the hazardous nature of asbestos). In short, Plaintiff's dispute is not a reasonable one.

Based on the evidence presented, there appears to be no dispute that it is generally known in New Jersey that asbestos is a hazardous substance. Accordingly, pursuant to FRE 201, the Court takes judicial notice that asbestos is a hazardous substance.

**2. Summary Judgment**

A court shall grant summary judgment under FRCP 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In other words, a genuine issue for trial does not exist unless the non-moving party proffers evidence sufficient to support a jury verdict in its favor.  *Anderson*, 477 U.S. at 249.

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party.  *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial.  *Anderson*, 477 U.S. at 249.  If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment.  *Big Apple BMW v. BMW of N. Am.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

Under New Jersey law, "[t]he interpretation of an insurance contract on undisputed facts is a question for the court to decide as a matter of law and can be the basis for summary judgment."  *American Cas. Co. of Reading, Pennsylvania v. Continisio*, 819 F. Supp. 385, 396 (D.N.J. 1993) (citations omitted); *see Simonetti v. Selective Ins. Co.*, 859 A.2d 694, 698 (N.J. Super. App. Div. 2004).  When determining whether there is a duty to defend, New Jersey courts have long relied on those principles articulated in *Danek v. Hommer*, 100 A.2d 198, 202-03 (N.J. Super. App. Div. 1953), *aff'd*, 105 A.2d 677 (N.J. 1954):

> In 45 C.J.S., Insurance, [§] 933, p. 1056, the rule appears as follows: "The duty to defend should be determined from the language of the insurance contract and from the allegations in the petition or complaint in the action brought by the one injured or damaged against insured, and the insurer's denial of liability and refusal to defend after investigating the facts must be disregarded. The obligation to defend is to be determined when the action is brought, and not by the out-come of the action."
> The conclusion to be drawn from these statements is that the duty to defend comes into being when the complaint states a claim constituting a risk

> insured against. And the duty is not abrogated by the fact that the cause of action stated cannot be maintained against the insured either in law or in fact--in other words, because the cause is groundless, false or fraudulent. Liability of the insured to the plaintiff is not the criterion; it is the allegation in the complaint of a cause of action which, if sustained, will impose a liability covered by the policy.
> So in the resolution of the problem, the complaint should be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment, and in reaching a conclusion, doubts should be resolved in favor of the insured.

See *Voorhees v. Preferred Mut. Ins. Co.*, 607 A.2d 1255, 1259 (N.J. 1992); *F.S. v. L.D.*, 827 A.2d 335, 338 (N.J. Super. App. Div. 2003). Any doubts created by an ambiguous complaint should be construed in favor of the insured, i.e., in favor of coverage. *Voorhees*, 607 A.2d at 1259 (citation omitted). However, "[i]n the absence of any ambiguity, courts should not write for the insured a better policy of insurance than the one purchased." *Harleysville Ins. Co. v. Garitta*, 785 A.2d 913, 917 (2001). "A duty to defend, of course, is broader than the duty to indemnify." *Conduit & Foundation Corp. v. Hartford Cas. Ins. Co.*, 746 A.2d 1053, 1061 (N.J. Super. App. Div.), *certif. denied*, 754 A.2d 1212 (N.J. 2000). "In general, insurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion. However, exclusions are presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy." *Princeton Ins. Co. v. Chunmuang*, 698 A.2d 9, 16-17 (N.J. 1997) (citations and internal quotations omitted).

Although there is no underlying complaint to which the Court can compare the policy, as is normally the case, there are specific claims at issue. The clients seek 1) damages for Plaintiff's failure to disclose the presence of asbestos in the home, 2) the costs of the asbestos remediation, and 3) reimbursement for all costs incurred during the period of asbestos remediation, including the costs of relocation. *See* Exs. E, G, F to Margulis Dec. The policy excludes coverage for

claims that arise out of the presence, failure to disclose, and clean-up of "pollutants," which term includes hazardous substances. In light of the evidence that asbestos, as a hazardous substance, is a "pollutant" and that the clients bring claims for the failure to disclose the presence of a "pollutant" and the costs associated with the clean-up of the "pollutant," it follows that the policy excludes coverage for Plaintiff. Therefore, Defendant's motion for summary judgment is granted. Having found that Defendant's denial was proper, Plaintiff's claims for breach of contract, bad faith, fraud, consumer fraud and punitive damages, all of which stem from the denial, are similarly dismissed.

### III. Conclusion

For the reasons expressed above, Defendant's motion for summary judgment is granted and Plaintiff's motions for remand, summary decision, and summary judgment are denied. Accordingly, this case is CLOSED.

s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: August 29, 2005